IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS,<br>    TDCJ-CID # 873144, | §<br>§<br>§ | |
| V. | § | Case No. 2:12cv350 |
| | § | |
| OFFICER CANDACE TORRES, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

Plaintiff Robert Daniel Keys is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and he is currently confined at the McConnell Unit in Beeville, Texas. In his original complaint, plaintiff complains that certain prison officials and employees violated his constitutional rights, as well as TDCJ-CID policy, when they prohibited him from receiving through the mail magazines and books that he ordered. (D.E. 1 at 4, 9 -13). Through this action, he seeks: (1) an order requiring the TDCJ-CID to follow its established policy "as written;" (2) that inmates be allowed to participate in decisions of the Mail Systems Coordinator Panel; and (3) compensatory damages for the cost of the refused items as well as postage. Id. at 4.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273,

274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's § 1983 claims seeking enforcement of prison policy and damages arising from defendants' allegedly unconstitutional conduct be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I.      Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.     Plaintiff's allegations.**

Plaintiff is a gun enthusiast with prior military service. (D.E. 1 at 4).[1] He filed his original complaint on November 13, 2012, and named the following individuals and entities as defendants: (1) Officer Candace Torres; (2) Kiesha Collins, mailroom supervisor; (3) John and Jane Does on the Mail Systems Coordinator Panel (MSCP); (4) John and Jane Does on the Directives Review Committee (DRC) in Huntsville; and (5) the TDCJ-CID. The following allegations were made in his complaint:

---

[1] Plaintiff achieved the rank of sergeant, and operated a small business under the name "Pro Mark Ammunition Outfitters." (D.E. 1 at 4).

2

In January 2012, Officer Torres and Supervisor Collins denied plaintiff receipt of a magazine he ordered, *Shotgun News*, on the grounds that it could constitute an offense of "breakdown of a weapon" under TDCJ-CID policy, BP 03.91. Plaintiff checked the policy and reports that it prohibits only information regarding the manufacture of explosives, weapons or drug. The denial of the magazine was upheld by members of the MSCP, as well as the DRC.

Since that time, plaintiff has been denied every subsequent issue of *Shotgun News*, from January through October 2012. In addition, plaintiff was denied a book he ordered, *U.S. Army Special Forces Handbook*, as well as the June and September 2012 issues of *Gun Digest.* Defendants have also seized his *Rand McNally Road Atlas,* as well as a *NASCAR Road Atlas.*

Plaintiff asked to appear before the MSCP and the DRC to defend his receipt of the publications, but he was denied the opportunity, in violation of his due process rights. He claims further that the denial of the materials amounts to "theft by deception." He admits that defendants give him the choice to send the prohibited publications home or to have them destroyed, but he argues that to send them home is cost prohibitive. Plaintiff alleges also that defendants are committing fraud because BP 03.91 permits an inmate to receive these publications, but defendants deny them. Finally plaintiff claims that the denial of these publications violates his constitutional rights under the First Amendment.

### III.    Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

### IV.    Analysis.

#### A.    Prisoner's First Amendment rights regarding mail.

It is well established that the constitutional rights of prisoners are more limited in scope than the constitutional rights held by individuals in society at large. Shaw v. Murphy, 532 U.S. 223, 229 (2001).  In the context of the First Amendment, the Supreme Court has noted that some rights are simply inconsistent with the status of being a prisoner or "with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974).  For example, in Pell, the Supreme Court sustained the prison's proscriptions of media interviews with individual inmates.  Id., at 833-35.  The Supreme Court has upheld the prohibitions on the activities of a prisoners' labor union. Jones v. North

Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 133 (1977). The Court has approved prison systems' restrictions on inmate-to-inmate written correspondence. Turner v. Safely, 482 U.S. 78, 93 (1987). Indeed, the Supreme Court has noted that, because the "problems of prisons in America are complex and intractable," and the courts are particularly "ill equipped" to deal with these problems, federal courts generally defer to the judgments of prison officials in upholding [First Amendment] regulations against constitutional challenge. Shaw, 532 U.S. at 229.

The Fifth Circuit has noted that the Supreme Court "has never held that reading inmate mail violates the First Amendment." Busby v. Dretke, 359 F.3d 708, 722 (2004) (discussing evolution of prisoner cases in the context of the First Amendment, and noting that, although the Supreme Court rejected *censorship* of inmate mail in Procunier v. Martinez, 416 U.S. 396, 413 (1974), later Supreme Court cases, such as Pell and Turner, gave authorities greater leeway in restricting inmates' rights regarding mail. Busby, 359 F.3d at 722. Indeed, in a case decided shortly after Martinez, the Supreme Court clarified that "freedom from censorship is not equivalent to freedom from inspection or perusal." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). I

In Brewer v. Wilkinson, 3 F.3d 816 (5th Cir. 1993), the plaintiffs challenged the prison unit's policy of opening and inspecting incoming legal mail outside of the presence of the inmate. Id. at 817-818. The inmates claimed that the practice infringed upon their First Amendment rights of free speech and access to the courts. The Brewer Court recognized the distinction between legal and non-legal correspondence, as well as incoming

5

versus outgoing mail in the context of the prison environment, and ultimately held that, whether in the context of free speech or access to the courts, a prison regulation that impinges on an inmate's constitutional rights must be reasonably related to legitimate penological interests. Id. at 825. The Fifth Circuit concluded that a prisoner need not be present when incoming legal mail is opened and inspected for contraband, but that the opening and inspection of outgoing legal mail would violate a prisoner's right to free speech and possibly, access to the courts. Id. 825-26. The Court reasoned that the prison would have a greater security concern as regards to incoming mail, both legal and nonlegal, as opposed to outgoing mail, while a prisoner would have a greater interest in corresponding freely and privately with his attorney or the Court on legal matters. The Brewer Court held that the plaintiffs had stated successfully a First Amendment claim challenging the inspection of their outgoing legal mail. Id. at 826.

Brewer effectively forecloses plaintiff's First Amendment claim because the prison has a legitimate security interest in monitoring incoming mail, and plaintiff has no First Amendment right to receive magazines about guns. Thus, it is respectfully recommended that the Court dismiss for failure to state a constitutional violation plaintiff's claims that defendants' denial of his gun magazines violates the First Amendment.

**B.     Due process.**

Plaintiff complains that he has been denied the right to make his case for receipt of the magazines and material before the MSCR or DRC. However, under Sandin v. Conner, 515 U.S. 472, 484-86 (1995), the denial of reading materials does not amount to an atypical

or extreme hardship, and he therefore has no due process interest in contesting the decisions made about his incoming mail. Plaintiff's allegations fail to state a due process claim.

### C. Violation of BP-03.91.

Plaintiff contends that BP-03.91 does not prohibit the reading materials he wishes to receive such that defendants are violating TDCJ-CID policy when they refuse to let him receive the gun magazines and other materials. However, a prison official's failure to follow prison policy, without more, does not state a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). As noted above, plaintiff does not have a protected First Amendment right in the disputed materials, and therefore, his dispute over policy enforcement does not evolve into a constitutional violation. Thus, it is respectfully recommended that this claim be dismissed for failure to state a claim.

### D. Confiscation of magazines.

Plaintiff's contends that defendants' seizure of his magazines in violation of prison policy amounts to fraud and unlawful seizure. However, this allegation fails to state a cognizable constitutional violation because an adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. See Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Under the Pratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. See Thompson v. Steele, 709 F.2d 381,

383 (5th Cir. 1983) The burden is on the inmate to show that the post-deprivation remedy is inadequate. See Myers v. Klevenhagan, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007 (Vernon 2005).

Plaintiff does not indicate that he has instituted an action for conversion in state court concerning his lost property. More importantly, plaintiff has not alleged any inadequacy in the remedies available to him under Texas law. See Parratt, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process."). Thus, plaintiff's claim alleging loss of property fails to raise cognizable constitutional violations for purposes of § 1983 liability, and it is respectfully recommended that his property claims be dismissed.

## V.   Recommendation.

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for injunctive

relief and/or damages against the named defendants be dismissed with prejudice for failure to state a claim and/or as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 24th day of January, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).