IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS,<br>    TDCJ-CID #873144, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | § | CIVIL ACTION NO. 2:12-CV-00350 |
| | § | |
| OFFICER CANDACE TORRES, et al., | §<br>§ | |
| Defendants. | §<br>§ | |

ORDER ADOPTING IN PART
MEMORANDUM AND RECOMMENDATION OF MAGISTRATE JUDGE

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. As such, it is subject to screening under the Prison Litigation Reform Act (PLRA). Any prisoner action brought pursuant to federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2) and 1915A.

On January 24, 2013, United States Magistrate Judge B. Janice Ellington issued a memorandum and recommendation wherein she recommends that Plaintiff's Section 1983 claims be dismissed with prejudice for failure to state a claim and/or as frivolous. (D.E. 11.) Plaintiff filed numerous objections to the Magistrate Judge's memorandum and recommendation. (D.E. 13.) Plaintiff is entitled to a de novo disposition by the District Judge of the objected-to portions of the memorandum and recommendation. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). For the reasons set forth below, the Magistrate Judge's memorandum and recommendation is ADOPTED IN PART.

Plaintiff claims that Defendants unlawfully denied him publications that he had ordered through the mail for reasons outside of the Texas Department of Criminal Justice's Board Policy BP 03.91, which permits correction facility staff to reject a mail order publication based on content if it contains information regarding the manufacture of explosives, weapons, or drugs. Specifically, Plaintiff claims that he was denied monthly issues of *Shotgun News* from January 2012 to October 2012, two issues of *Gun Digest* for June 2012 and September 2012, and a copy of the *U.S. Army Special Forces Handbook* that he had ordered. (D.E. 1 at 9.)  Additionally, Plaintiff claims that Defendants unlawfully seized his *Rand McNally United States Road Atlas* and his *NASCAR Road Atlas*. (*Id*. at 12.)  Plaintiff claims that Defendants' actions violated his First Amendment Rights under the United States Constitution.

The constitutional rights of prisoners are more limited than society at large. *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001).  However, prisoners do not leave all their constitutional rights and protections at the jailhouse door, and " '[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights.' " *Turner v. Safley*, 482 U.S. 78, 89 (1987) (quoting *Procunier v. Martinez*, 416 U.S. 396, at 405–06 (1974)).  In the context of the First Amendment, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  For instance, a prisoner has a right to send and receive mail, but prison officials may impose restrictions on this right that are reasonably related to legitimate penological interests. *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989).  Thus, prison officials may not reject a publication solely because it is unpopular, but it can reject a publication that poses a risk to security or that is detrimental to the prisoner's rehabilitation. *Id*. at 415.

In the case at hand, the Magistrate Judge concluded that Plaintiff has no First Amendment right to receive magazines about guns. (D.E. 11 at 6.) Plaintiff objects that there is no blanket prohibition against prisoners receiving gun publications. (D.E. 13 at 7.) Plaintiff's pro se complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court concludes that the dismissal of Plaintiff's First Amendment claim is not appropriate at this early stage of the proceedings because there are outstanding issues with regard to whether the restrictions imposed by Defendants were reasonably related to legitimate penological interests. Accordingly, Plaintiff's First Amendment claim is retained.

Plaintiff's remaining claims are dismissed with prejudice for failure to state a claim upon which relief can be granted. After reviewing the Magistrate Judge's remaining findings of fact, conclusions of law, and recommendations (D.E. 11), as well as Plaintiff's objections (D.E. 13), and all other relevant documents in the record, and having made a de novo disposition of the objected-to portions of the Magistrate Judge's memorandum and recommendation, the Court adopts as its own the Magistrate Judge's remaining findings of fact and conclusions of law.

In sum, the Magistrate Judge's memorandum and recommendation (D.E. 11) is ADOPTED IN PART. Plaintiff's First Amendment claim is RETAINED. Plaintiff's other claims are DISMISSED WITH PREJUDICE.

ORDERED this 21st day of May 2013.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**