UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pending are Plaintiff's claims that he has a First Amendment Right to receive certain publications[1] while incarcerated at TDCJ (D.E. 14). He challenges both the prison regulations that prohibit receipt of certain types of publication, and the prison's interpretation of those regulations. Plaintiff has filed an application for a temporary restraining order and preliminary injunction permitting him to receive publications pending the outcome of this case (D.E. 25-1, 25-2). Defendants have filed their response (D.E. 26), and Plaintiff has filed his objections to the response (D.E. 30, 31).

### Discussion

In order to obtain a preliminary injunction, plaintiff must demonstrate that: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. *Texas Medical Providers v. Lakey,* 667

---

[1] Maps and publications related to firearms.

F.3d 570, 571 (5th Cir. 2012); *Justin Indus. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 n. 7 (5th Cir. 1990). A preliminary injunction is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as to all four factors. *Lakey,* 667 F.3d at 574; *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985); *House the Homeless, Inc.,* 94 F.3d 176, 180 (5th Cir. 1996).

Plaintiff has not met his burden on any of the four elements. Plaintiff has cited no case authority holding that he has an unrestricted right to receive any publication he demands while in prison. In order to prevail in this case, Plaintiff must demonstrate that the decision of the Defendants to deny Plaintiff's right to receive the publications is not reasonably related to a legitimate penological interest. *Thornburgh v. Abbott,* 490 U.S. 401, 404, 109 S.Ct. 1874 (1989). It is not a stretch, though, to imagine that the prison might have some reasonable concerns with an inmate receiving publications devoted to firearms. The time for filing summary judgment motions has not yet passed; thus Defendants have not yet had an opportunity to present their position, and so the reason for denial of the right to receive the publications is unknown. Plaintiff has not shown a reasonable likelihood of success on the merits.

Even if Plaintiff could demonstrate a likelihood of success on the merits, he cannot demonstrate irreparable harm. Irreparable harm is harm for which there is no remedy at law, such as monetary compensation. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). If Plaintiff prevails in his lawsuit, he can begin to receive the publications he has been denied, and Defendants can be ordered to

pay damages equal to the cost of back-ordering copies of the publications he missed. There is no irreparable injury.

Moreover, plaintiff's complaint that he will suffer irreparable harm is speculative only.  Plaintiff's allegations of potential harm do not amount to constitutional violations, and in the absence of a constitutional violation, federal courts are reluctant to interfere in the internal affairs of local jails or state prisons.  *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations).  Interference with prison mail operations would not be in the public's interest and it would be a waste of judicial resources to micro-manage the prison mail regulations.  Plaintiff has not demonstrated he is entitled to a preliminary injunction.

Plaintiff has failed to carry his burden on any of the four factors.  A temporary restraining order and preliminary injunction should be denied.  If Plaintiff prevails either at summary judgment or at trial, he can ask the court to order injunctive relief.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's request for a temporary restraining order and preliminary injunction (D.E. 25-1, 25-2) be DENIED.

Respectfully submitted this 8th day of October, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).