UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER ON FIRST AND SECOND MOTIONS FOR LEAVE TO AMEND COMPLAINT, ORDER SUSPENDING DEADLINES, AND ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS

On December 5, 2013, twenty-two days prior to the deadline for filing dispositive motions, Plaintiff filed his first motion for leave to amend his complaint to add additional parties (D.E. 41).  He seeks to leave to add Assistant Warden Richard Crites and David Diaz as Defendants involved in his claim related to seizure of his maps.  No response was filed by counsel for Defendants.  Leave to amend should be freely granted when justice requires.  FED. R. CIV. P. 15(a)(2).  Accordingly, the motion (D.E. 41) is granted, except that the court declines to take judicial notice of retaliatory behavior of mailroom personnel at the McConnell Unit.[1]  The Clerk shall add these defendants to the docket, [2] and an order for service of process on these Defendants will be entered.

---

[1] If Plaintiff is suffering from retaliatory conduct that violates the Constitution, he may exhaust his administrative remedies and file a new complaint detailing his claims.  The Court cannot take judicial notice of events about which it has no knowledge.

[2] The Clerk shall terminate all John and Jane Does as parties on the docket because Plaintiff has identified Assistant Warden Richard Crites and David Diaz as the John Doe defendants.  The

Plaintiff has also filed a second motion for leave to amend his complaint to add as defendants Warden Ernest Gutierrez, Jr. and Assistant Warden Carrol Monroe (D.E. 50). Plaintiff alleges no unconstitutional action by Warden Gutierrez, except that he was the Warden in charge of Richard Crites.  It is well settled that a plaintiff cannot obtain damages from a policy-maker or supervisor solely on a theory of *respondeat superior.* *Beattie v. Madison Co. School Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."  *Thompson v. Upshur Co.*, 245 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citations omitted).  Plaintiff's motion to add Warden Gutierrez as a defendant is denied.

Plaintiff also would like to add former Assistant Warden Carrol Monroe as a defendant.  He states that Assistant Warden Monroe was the acting MSCP panel member to review Plaintiff's publication refusals.  His motion for leave to amend his complaint to add Carrol Monroe as a defendant is granted.[3]  Service of process on Carrol Monroe will be ordered.

---

Clerk shall add Jennifer Smith to the docket as a Defendant.  Defendant Smith was identified by the Assistant Attorney General as both Jane Doe One and Two.  Jennifer Smith has filed an answer and is represented by the Assistant Attorney General, but service on Defendants Crites and Diaz has not been completed, and they are presently unrepresented by counsel.

[3] The Clerk shall add Carrol Monroe to the docket as a defendant.

Because three new defendants have been added to the case, all deadlines are suspended, and Defendants' motion for an extension of time to file their dispositive motion (D.E. 46) is denied as moot.  A new order setting deadlines will be entered after the additional defendants are served and file their answers.

ORDERED this 9th day of January, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE