UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION DENYING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pending before the Court is Plaintiff's Application for a Preliminary Injunction and Temporary Restraining Order. (D.E. 25). On October 8, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Plaintiff's request for a temporary restraining order and preliminary injunction be denied. (D.E. 32). Plaintiff timely filed his Objections on October 17, 2013. (D.E. 35).

In her Memorandum and Recommendation, the Magistrate Judge found that Plaintiff failed to carry his burden on any of the factors required for granting preliminary injunctive relief. Plaintiff challenges the Magistrate Judge's conclusion that he failed to meet the burden for granting his requested relief and urges this Court to order Defendants to show cause as to why a temporary restraining order and preliminary injunction should not issue in this matter. Plaintiff's Objections are set out and discussed below.

First, Plaintiff disputes the Magistrate Judge's characterization of his claim. He contends that he is not arguing that he has a constitutional right to receive "any

publication he demand[s] while incarcerated." (D.E. 35, p. 1). Rather, he stresses that his claim should be narrowly focused on the specific materials he has requested—namely maps that do not depict Texas and publications about firearms. The Magistrate Judge's characterization of Plaintiff's claim is not determinative of the issues presented. Plaintiff has not demonstrated a right to a preliminary injunction. Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff generally objects to the recommendation to deny his requested relief without ordering Defendants to "show cause" as to why Plaintiff should not be granted preliminary injunctive relief. Plaintiff is essentially urging that Defendants bear a burden of proof on the issue of a preliminary injunction without Plaintiff first establishing a prima facie case.

The Magistrate Judge properly observed that a plaintiff seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. *Texas Medical Providers v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless *the party seeking it* has clearly carried the burden of persuasion on all four requirements." *Id.* (internal quotation omitted) (emphasis added).

As discussed in more detail below, Plaintiff has not met the prerequisites for obtaining preliminary injunctive relief. His failure to do so does not shift the burden onto Defendants to establish why injunctive relief should not be granted. When arguing that

Defendants were required to show more than metaphysical doubt, Plaintiff drew from the summary judgment standard that is applied to FED. R. CIV. P. 56.  That standard does not govern the issue of imposing a preliminary injunction.  Because Plaintiff has not met the burden of persuasion as to any of the elements articulated in *Lakey*, preliminary injunctive relief would be inappropriate, and there is no need for Defendants to show cause as to why a preliminary injunction and temporary restraining order should not issue.  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the Magistrate Judge's conclusion that he has not established a substantial likelihood of success on the merits.  Plaintiff insists that he will succeed on the merits because "no other State or Territory in the United States is allowed to practice the same policy's [sic] that TDCJ/MSCP & DRC are practicing because they've been ruled unconstitutional . . . ." (D.E. 35, p. 7).  However, he does not cite and this Court has not identified any authority which would indicate that prisoners have a constitutional right to maps or publications related to firearms.

To the contrary, the Supreme Court has held that "where the regulations at issue concern the entry of materials into the prison . . . a regulation which gives prison authorities broad discretion is appropriate."  *Thornbugh v. Abbott*, 490 U.S. 401, 416 (1989).  Restrictions on incoming mail are valid as long as they are reasonably related to a legitimate penological interest.  *Turner v. Safely*, 482 U.S. 78, 89 (1987).  Prison security is one such interest.  *Pell v. Procunier*, 417 U.S. 817, 823 (1974) ("[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves.  It is in light of these legitimate penal objectives that a

court must assess challenges to prison regulations based on asserted constitutional rights of prisoners.")

Here, Defendants have asserted that the publications at issue were rejected because they present a security threat to the correctional institution. (D.E. 28, p. 2). As established in *Pell*, ensuring prison security is a legitimate penological interest. Furthermore, keeping information on maps and weapons out of prisons is reasonably related to ensuring prison security since those types of publications might aid in the execution of violence or escape. Given the broad discretion afforded to prison officials in the regulation of incoming materials to prison facilities and the absence of any authority suggesting that the regulation of maps or publications related to firearms in the interest of ensuring prison security is unconstitutional, Plaintiff has not established a likelihood of success on the merits. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects to the Magistrate Judge's conclusion that he has not met the irreparable harm requirement for granting a preliminary injunction. Although Plaintiff lists a number of cases in an attempt to challenge this conclusion, they are neither instructive as to the issue nor binding authority on this Court.[1] While it is true that "[t]he loss of First Amendment freedoms . . . constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), the deprivation Plaintiff complains of falls within the sphere of permissible regulation based on the Supreme Court precedent discussed with regard to Plaintiff's third objection.

---

[1] The cases from district courts in New York and Arizona as well as the Second, Sixth, and Ninth Circuits cited by Plaintiff at (D.E. 25, p. 8) in support of the proposition that he has suffered irreparable harm concern a number of topics including retaliation, freedom of religion, and fair housing, but none of these cases address the regulation of maps or publications related to firearms by a penal facility.

Plaintiff also argues irreparable harm in that four businesses he had given to his daughters failed because he was not able to advise them without his publications. In addition to the failure of the businesses, he complains of the betrayal felt by his daughters because they believed their father abandoned them when they needed his advice. (D.E. 35, p. 8). Neither of these harms constitutes injury, irreparable or otherwise, to Plaintiff. Both the businesses and the feelings of betrayal belonged to Plaintiff's daughters. Thus, as the Magistrate Judge correctly observed, Plaintiff's allegations of harm do not amount to constitutional violations. Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff challenges the Magistrate Judge's conclusion that a preliminary injunction in Plaintiff's favor would not be in the public interest. He argues that the public interest is served when prison officials are required to obey the law and uphold the Constitution. (D.E. 35, p. 9-10). This argument fails to acknowledge the well-established principle that "unnecessarily perpetuating the involvement of the federal courts in affairs of prison administration" "would seriously hamper [the administrators'] ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Turner*, 482 U.S. at 89. While the Court will ultimately determine what the law requires in this case when the merits are tried, for the purposes of a preliminary injunction, Plaintiff has not demonstrated that this type of interference does not disserve the public interest. Plaintiff's fifth objection is **OVERRULED**.

Sixth, Plaintiff urges that "[Defendants] have not and will no[t] suffer" if this Court grants Plaintiff's request for a preliminary injunction because "mailroom

operations will change very little." (D.E. 35, p. 10). Assuming that Plaintiff is addressing the third requirement for granting a preliminary injunction, simply arguing that Defendants' harm is negligible does not establish that it is sufficiently outweighed by any harm suffered by Plaintiff. Further, Plaintiff's assessment of Defendant's harm is the type of "conclusory [and] unsubstantiated assertion" that Plaintiff himself cautions against. (D.E. 35, p. 10). Plaintiff has not established that his harm outweighs the harm a preliminary injunction would impose upon Defendants, so his final objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction (D.E. 25) is **DENIED**.

ORDERED this 13th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE