UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
ON PENDING MOTIONS TO DISMISS**

Pending are the following motions:

(1) Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P., filed by Defendants the Texas Board of Criminal Justice, the Texas Department of Criminal Justice's Mailroom System Coordinator's Panel, and the Director's Review Committee (collectively referred to herein as the "State Agency Defendants") (*See* D.E. 100); and

(2) *Amicus Curiae* Motion to Dismiss all causes of action against all John and Jane Doe Defendants identified in Plaintiff's July 25, 2014 Amended Complaint (collectively referred to herein as the "Doe Defendants") (*See* D.E. 101).

For the reasons stated herein, it is respectfully recommended that the Court grant the State Agency Defendants' motion to dismiss. To the extent Plaintiff is attempting to maintain a cause of action against any Jane Doe or John Doe Defendant that has not yet been identified or served, it is respectfully recommended that his claims against the Doe Defendants be dismissed. It is respectfully recommended further that the Court retain Plaintiff's First Amendment claims for money damages against the following defendants in their individual capacities: Officer Jennifer Smith; Supervisor Kisha Collins; Officer Kandis Torres; Warden Carol Monroe; David Diaz; and Richard Crites (collectively

referred to herein as "Defendants").  To the extent Plaintiff is seeking money damages against Defendants in their official capacities, it is respectfully recommended that those claims be dismissed as barred by the Eleventh Amendment.

**I.     Jurisdiction.**

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

**II.    Background facts and procedural history.**

In January 2012, Defendants Officer Torres and Mailroom Supervisor Collins denied Plaintiff receipt of a magazine titled *Shotgun News* on the grounds that it could constitute an offense of "breakdown of a weapon" under TDCJ-CID policy BP 03.91. Plaintiff checked the policy and argued that it prohibited only information regarding the *manufacture* of explosives, weapons or drug.  However, despite Plaintiff's interpretation of BP 03.91, the Mailroom System Coordinator's Panel (MSCP) upheld the McConnell Unit's denial of this magazine, as did the Director's Review Committee (DRC) in Huntsville, Texas.

Thereafter, from January through October 2012, Plaintiff was denied every subsequent issue of *Shotgun News*.  In addition, Plaintiff was denied a book he ordered titled *U.S. Army Special Forces Handbook*, as well as the June and September 2012 issues of *Gun Digest.*  Prison officials also seized his *Rand McNally Road Atlas* and a *NASCAR Road Atlas.*  Plaintiff asked to appear before the MSCP and the DRC to defend his receipt of the publications, but he was denied the opportunity to do so.

On November 13, 2012, Plaintiff filed his original complaint alleging that Defendants violated his First Amendment rights by prohibiting him from receiving his

gun magazines and books. (D.E. 1 at 4, 9 -13). Plaintiff named as defendants: (1) Officer Kandis Torres; (2) Kisha Collins, mailroom supervisor; (3) John and Jane Does on the MSCP; (4) John and Jane Does on the DRC; and (5) the TDCJ-CID.[1] In addition to his First Amendment claim. Plaintiff argued that the confiscation of his books and magazines constituted "theft by deception," and that the TDCJ-CID's option to have the banned material sent home was cost prohibitive. Plaintiff claimed further that Defendants committed fraud because BP 03.91 permits an inmate to receive these publications, but Defendants deny them. Finally Plaintiff alleged that his due process rights were violated because he was not permitted to argue his position before the MSCP or the DRC.

On January 24, 2013, the undersigned United States magistrate judge recommended that Plaintiff's claims be dismissed for failure to state a claim and/or as frivolous (D.E. 11), to which Plaintiff timely filed objections. (D.E. 13).

On May 21, 2013, the Court adopted in part, and denied in part, the recommendation. (D.E. 14). The Court adopted the recommendation and dismissed for failure to state a claim Plaintiff's due process and breach of TDCJ-CID policy claims. However, the Court declined to adopt the dismissal of Plaintiff's First Amendment claims against Defendants.

---

[1] Plaintiff identified Defendant Kandis Torres as "Candace Torres" and Kisha Collins as "Keisha Collins." The correct spelling is based on Defendants' Answer and subsequent pleadings. The Clerk is ordered to correct the spellings on the Docket Sheet.

On July 2, 2013, service was ordered on the following Defendants: Officer Kandis Torres, Supervisor Kisha Collins, MSCP Doe Defendants and DRC Doe Defendants. (D.E. 16).

On August 15, 2014, Officer Torres and Supervisor Collins filed their Answer. (D.E.19). In addition, on behalf of the MSCP and DRC Doe Defendants, Ms. Jennifer Smith filed an Answer to Plaintiff's complaint. Ms. Smith is both the supervisor of the MSCP as well as a DRC member, and therefore, Ms. Smith is the appropriate party to answer Plaintiff's claims against the MSCP and the DRC. (D.E. 19).

On September 16, 2013, Plaintiff filed an objection to the Defendants' alleged failure to provide the names of the individual members on the MSCP and DRC. (D.E. 23).

On September 20, 2013, Defendants responded to Plaintiff's objection and maintained that Defendant Smith was the only proper defendant to address Plaintiff's claims against the MSCP and DRC. (D.E. 26). Defendants stated:

> … Defendant Smith is both the supervisor of the Mailroom System Coordinators Panel and the member of the Director's Review Committee member responsible for reviewing and affirming all denials of magazines to offenders. This defendant is therefore ultimately and exclusively responsible for the alleged constitutional violations pled.

(D.E. 26, p. 1).

Plaintiff filed a first and second motion seeking leave to amend his complaint (D.E. 41, 51), and on January 9, 2014, a supplemental order for service of process was entered naming as additional defendants in this lawsuit: (1) Warden Carol Monroe; (2)

former Warden Richard Crites; and (3) former Mailroom Supervisor David Diaz. (D.E. 52).

On February 10, 2014, Warden Monroe filed his Answer. (D.E. 61). On that same day, the Texas Attorney General (AG) advised the Court that Defendant Crites and Defendant Diaz no longer work for the TDCJ-CID, and the AG was granted leave to file the last known addresses of these Defendants under seal. (*See* D.E. 62, 63, 64).

Defendants Crites and Diaz were served (D.E. 75, 76), and on March 31, 2014, they filed their Answer to Plaintiff's second amended complaint. (D.E. 78).

On June 30, 2014, Plaintiff filed a motion for leave to file an amended complaint arguing that his claims had been misconstrued. (D.E. 90). On July 3, 2014, Defendants filed a response supporting Plaintiff's motion for leave to file an amended complaint noting that Plaintiff's prior pleadings lacked clarity and were difficult to comprehend. (D.E. 93). On July 25, 2014, Plaintiff filed his third amended complaint against all Defendants. (D.E. 97). Plaintiff specifically identified the following nine (9) Defendants:

(1) Texas Board of Criminal Justice;
(2) Director's Review Committee;
(3) Mailroom System Coordinator's Panel;
(4) Ms. Jennifer Smith;
(5) Warden Carol Monroe;
(6) Kisha Collins, Mailroom Supervisor;
(7) Kandis Torres, correctional officer;
(8) Richard Crites, former McConnell Unit Warden; and
(9) David Diaz, former Mailroom Supervisor.

(D.E. 97, pp. 1-21).  Plaintiff also stated in his amended complaint: "**THERE ARE NO FURTHER DEFENDANTS TO THIS CIVIL ACTION**".  (D.E. 97, p. 21) (emphasis in original).

On August 28, 2014, Defendants filed their Amended Answer to Plaintiff's third amended complaint.  (D.E. 99).  On that same date, the State Agency Defendants (TBCJ, MSCP, and DRC), filed a Rule 12(b) (1)/12(b)(6) motion to dismiss Plaintiff's claims against them (D.E. 100), and the Doe Defendants filed a motion to dismiss as well.  (D.E. 101).  Plaintiff opposes the motions to dismiss.  (D.E. 102, 103).

### III. Discussion.

#### A. State Agency Defendants' Motion to Dismiss.

In his third amended complaint (D.E. 97), Plaintiff names as defendants the TBCJ, the MSCP and the DRC for violations of his First Amendment rights, and he seeks declaratory and injunctive relief against these State Agency Defendants.  (*See* D.E. 97, pp. 1-5).  The State Agency Defendants move to dismiss Plaintiff's claims against them for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1), 12(b)(6), Fed. R. Civ. P.

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  Courts may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint, supplemented by undisputed facts, plus the court's resolution of disputed

facts.  *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986).  When subject matter jurisdiction is challenged, the plaintiff has the burden of demonstrating that subject matter jurisdiction exists.  *Huff v. Neal,* 555 Fed. Appx. 289, 296 (5th Cir. Jan. 27, 2014), citing *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true.  *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face*."* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In his third amended complaint (D.E. 97), Plaintiff has named as separate defendants the Texas Board of Criminal Justice, the Mailroom System Coordinator's Panel, and the Director's Review Committee.  However, these entities are agencies or mere subdivisions of the State of Texas itself.  The State of Texas has sovereign immunity and under the Eleventh Amendment, suits in federal court by citizens of a state against a state or a state agency or department are prohibited.  *See College Sav. Bank v.*

*Florida. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1982).  States and their agencies may be sued only when there is unequivocally expressed consent, or where Congress has validly abrogated the state's sovereign immunity by unequivocal expression of intent.  *Pennhurst,* 465 U.S. at 99-100.  *See also Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought.  *Pennhurst,* 465 U.S. at 100-01.

Texas has not consented to suit against itself or its agencies in federal court, nor has Congress abrogated Texas' sovereign immunity in regards to Plaintiff's § 1983 claims raised herein.  *See Sossamon v. Texas,* ___ U.S. ___, 131 S. Ct. 1651, 1657-58 (2011).  On the face of Plaintiff's third amended complaint, it is readily apparent that Plaintiff's claims against the TBCJ, the MSCP, and the DRC are wholly barred.  Accordingly, it is respectfully recommended that the State Agency Defendants' Motion to Dismiss (D.E. 100) be granted, and that Plaintiff's claims against these Defendants be dismissed with prejudice.

      **B.**    ***Amicus Curiae* Motion to Dismiss Doe Defendants.**

In his third amended complaint (D.E. 97), Plaintiff specifically identified nine defendants and said there were no additional defendants to be named.  However, in his response to the motion to dismiss, Plaintiff argues that there may be unidentified John or Jane Doe Defendants that he does not want to dismiss.

Plaintiff's claims against these unknown Doe Defendants fail because, to state a claim under section 1983, a plaintiff must allege facts that demonstrate a defendant's personal involvement in the alleged constitutional violation. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

Plaintiff is adamant that members of the MSCP and DRC be held accountable for the alleged First Amendment violations. However, Defendants have offered Ms. Jennifer Smith as the appropriate party defendant to answer for those claims and also, to provide for injunctive relief should Plaintiff prevail on his claims. Plaintiff fails to allege any facts to suggest that there exists any John or Jane Doe Defendant that violated his First Amendment right, and despite extensive discovery, Plaintiff has not supplemented his complaint with any new defendants. Indeed, in his third amended complaint, he specifically identifies the nine defendants he seeks to hold accountable. There are no Doe Defendants remaining. Thus, it is respectfully recommended that the AG's *Amicus Curiae* motion to dismiss with prejudice unknown, unserved Doe Defendants (D.E. 101) be granted.

    **C.**    **Plaintiff's First Amendment claims.**

Plaintiff has sued Defendants in their official and individual capacities for alleged violations of his First Amendment rights.

As previously discussed, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state…." Const. Amend. XI. This withdrawal of jurisdiction effectively confers an immunity from suit. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 144 (1993). As such, the Supreme Court has consistently held that an unconsenting State "is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Id.* (citation omitted). *See also Frew v. Hawkins,* 540 U.S. 431, 437 (2004) (the Eleventh Amendment confirms the sovereign status of States by shielding them from suits by individuals, absent their consent).

When a plaintiff files suit against state officials in their official capacities, the lawsuit is effectively one against the State. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Indeed, a claim for monetary damages against a state official in his or her official capacity is "no different from a suit against the state itself," and consequently, is barred by the Eleventh Amendment.[2] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir.), *cert. denied,* 132 S. Ct. 825 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself.").

---

[2] The Eleventh Amendment does not bar a plaintiff's claim for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 159 (1908) (establishing exception to Eleventh Amendment immunity in cases where the alleged constitutional violation is caused by a state official's actions or refusal to act within the authority of his or her office). *See also Will,* 491 U.S. at 71, n. 10 (noting that official-capacity actions for prospective relief are not treated as actions against the State).

Indeed, the Fifth Circuit has repeatedly held that the Eleventh Amendment bars claims for money damages against TDCJ officers in their official capacities. *See e.g., Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

To the extent Plaintiff is suing the Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. *See Frew,* 540 U.S. at 437. Therefore, it is respectfully recommended that the Court dismiss Plaintiff's monetary claims against Defendants in their official capacities as barred by the Eleventh Amendment.

### D. Plaintiff's cognizable claims.

If the Court adopts the above recommendations, then Plaintiff's remaining claims will be for alleged First Amendment violations against the following six Defendants in their individual capacities for monetary damages: (1) Jennifer Smith; (2) Warden Monroe; (3) Kisha Collins; (4) Kandis Torres; (5) David Diaz; and (6) Richard Crites. To the extent Plaintiff is seeking prospective injunctive relief against any Defendant in his or her official capacity, such claims are moot as to David Diaz and Richard Crites as they are no longer employed by the TDCJ and cannot grant Plaintiff injunctive relief.

As to Plaintiff's First Amendment claims, Plaintiff did not suffer physical injury in connection with those claims, and he is therefore precluded from recovering compensatory damages for any alleged emotional or mental suffering. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury …"). *See also Mayfield v. Texas Dep't*

*of Crim. Justice,* 529 F.3d 599, 605, 606 (5th Cir. 2008); *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005) (applying § 1997e(e) to bar prisoner's claim for damages brought under § 1983 alleging a First Amendment violation). Within the context of his First Amendment claims, Plaintiff can recover nominal and punitive damages without a showing of physical injury. *See Mayfield,* 529 F.3d at 606.

### IV. Recommendation.

For the reasons stated herein, it is respectfully recommended that the Court:

(1) Grant the State Agency Defendants' Motion to Dismiss (D.E. 100), and dismiss with prejudice Plaintiff's claims against the TBCJ, the MSCP, and the DRC;

(2) Grant the Doe Defendants' Motion to Dismiss (D.E. 101) and dismiss with prejudice any and all claims against unknown and unserved John of Jane Doe Defendants that may have sat on the MSCP or DRC at times relevant to Plaintiff's claims herein; and

(3) Dismiss with prejudice Plaintiff's claims for money damages against the remaining Defendants in their official capacities.

It is respectfully recommended that the case proceed to the filing of dispositive motions on Plaintiff's First Amendment claims for nominal and punitive damages against the remaining six Defendants in their individual capacities, and for injunctive relief against those Defendants still employed by the TDCJ.

Respectfully submitted this 10th day of October, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).