UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are the following motions to dismiss Plaintiff's civil rights action:

(1) Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) filed by Defendants Texas Board of Criminal Justice ("TBCJ"), Texas Department of Criminal Justice's Mailroom System Coordinator's Panel ("MSCP"), and the Director's Review Committee ("DRC") (collectively, "State Agency Defendants") (D.E. 100); and

(2) *Amicus Curiae* Motion to Dismiss all causes of action against all John and Jane Doe Defendants identified in Plaintiff's Third Amended Complaint (collectively, "Doe Defendants") (D.E. 101).

On October 10, 2014, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R) recommending that (1) State Agency Defendants' motion to dismiss be granted; (2) Amicus Curiae's motion to dismiss unknown, unserved Doe Defendants be granted; (3) Plaintiff's First Amendment claims seeking money damages be retained against the following Defendants in their individual

capacity: Officer Jennifer Smith, Supervisor Kisha Collins, Officer Kandis Torres, Warden Carol Monroe, David Diaz, and Richard Crites (collectively, "Defendants"); and (4) Plaintiff's First Amendment claims seeking money damages against Defendants in their official capacities be dismissed.  D.E. 105, pp. 1-2.  This Court received Plaintiff's timely-filed objections on October 22, 2014.  D.E. 107.  The objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's conclusion that his claims against the State Agency Defendants are barred by the Eleventh Amendment.  D.E. 105, pp. 6-8. Although the substance of Plaintiff's objection is unclear, he seems to interpret the State Agency Defendants' Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss as a summary judgment motion by arguing that dismissal is improper because an issue of material fact remains.   D.E. 107, p. 3.   Plaintiff does not, however, dispute the State Agency Defendants' sovereign immunity.  *Ruiz v. Price*, 84 F. App'x 393, 395 (5th Cir. 2003) ("The TDCJ and the TBCJ are instrumentalities of the State and are immune from suit under the Eleventh Amendment.") (citations omitted).  Finding no error in the Magistrate Judge's conclusion regarding the claims against the State Agency Defendants, the Court **OVERRULES** Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's conclusion that he is precluded from recovering compensatory damages.    D.E. 105, p. 11-12 (citing 42 U.S.C. § 1997e(e)).  Plaintiff, citing cases from outside the Fifth Circuit, argues that he should recover compensatory damages "because three appeals courts and two district courts disagree with our circuits [sic] courts in the matter concerning Compensatory Damages

[sic] awarded in § 1997e(e) First Amendment cases, perhaps later for a Supreme Court review." D.E. 107, p. 18. Although a split amongst circuit courts may exist, as the Magistrate Judge addressed, the Fifth Circuit is clear in its holding that compensatory damage claims for mental or emotional injuries are barred if the physical injury requirement of § 1997e(e) is not met. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue . . . Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.") (footnote omitted). As a result, Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the Magistrate Judge's recommendation that the Doe Defendants be dismissed. D.E. 105, p. 9. Plaintiff argues that some Doe Defendants are the policymakers who created the mailroom regulation, BP-03.91, that he now challenges as violating his First Amendment rights.[1] D.E. 107, pp. 1-3. This is incorrect. The MSCP and DRC Doe Defendants play no policymaking role within the TDCJ. Rather, the proper defendant for Plaintiff's First Amendment claim against the regulation itself is his custodian, William Stephens, Director of TDCJ-CID, in his official capacity— regardless if others were involved. *See Prison Legal News v. Livingston*, 683 F.3d 201 (5th Cir. 2012) (in action challenging TDCJ's mail censorship policies on First Amendment grounds, TDCJ's executive director was the only named defendant and was

---

[1] Specifically, Plaintiff challenges TDCJ's purported "All-or-Nothing Rule," arguing that Defendants should have redacted the offending portions of his magazines and given him the rest. D.E. 97, p. 1-5. *See Lindell v. McCaughtry*, 115 F. App'x 872, 879 (9th Cir. 2004).

sued in his official capacity); *cf. Strickland v. Tex. Dept. of Criminal Justice*, 2013 WL 6835242 (5th Cir. Dec. 23, 2013) (in action challenging TDCJ's Jewish inmates' meal plan on, *inter alia*, First Amendment grounds, the court allowed the suit to proceed only against TDCJ's executive director).

Consequently, Plaintiff's third objection is **OVERRULED**. However, Plaintiff is **GRANTED** leave to amend his complaint to assert his First Amendment challenge of the correspondence policy against TDCJ-CID Director Stephens in his official capacity. In doing so, the Plaintiff must allege facts against Stephens with the requisite specificity to survive initial review. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. D.E. 47. The Plaintiff is **GRANTED** leave to amend his complaint to assert his First Amendment claim against TDCJ Director Stephens in his official capacity. Plaintiff will have thirty days from the filing of this order to amend his complaint. Accordingly, the State Agency Defendants and Amicus Curiae's motions to dismiss (D.E. 100, 101) are **GRANTED**.

ORDERED this 12th day of January, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE