UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT DANIEL KEYS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-350 |
| § | |
| CANDACE TORRES, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's McConnell Unit in Beeville, Texas. He filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining about the violation of his first amendment right to receive certain publications at the prison (D.E. 1). Pending is Plaintiff's second motion for appointment of counsel (D.E. 113).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus

requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Plaintiff complains that his first amendment right to receive certain publications at the prison has been violated. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony at an evidentiary hearing demonstrate that he is intelligent, articulate, and able to describe the facts underlying his claims. He appears, at this stage of the case, to be in a position to adequately investigate and present his case. Plaintiff has access to the unit law library. His complaint that there are a few days of delay to obtain the most recent case law does not warrant appointment of counsel. If Plaintiff needs additional time to file a response or a brief, he can request additional time.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. Summary judgment motions have not been filed, and a trial date has not been set.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the

efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 113) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 29th day of January, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE