UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT DANIEL KEYS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-350 |
| § | |
| CANDACE TORRES, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' AMENDED MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR NOMINAL AND PUNITIVE DAMAGES**

In this prisoner civil rights action, Plaintiff Robert Daniel Keyes is suing certain employees of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) for prospective injunctive relief, as well as nominal and punitive damages, alleging that Defendants violated his First Amendment rights when they denied him receipt of certain publications through the mail. The remaining Defendants move to dismiss Plaintiff's claims for nominal and punitive damages on the grounds that Plaintiff failed to plead for nominal or punitive damages such that he is now barred from recovering such. (D.E. 118). For the reasons stated herein, it is respectfully recommended that Defendants' motion be denied and that Plaintiff's claims for nominal and punitive damages against the remaining Defendants in their individual capacities be retained, along with his claim for prospective injunctive relief against the remaining Defendants and newly named Defendant, William Stephens.

**I.      JURISDICTION.**

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

**II.     PROCEDURAL BACKGROUND.**

The background facts of this case have been detailed in previous recommendations and need not be repeated herein.  (*See* D.E. 11, 32, 105).  Briefly, the basis for this lawsuit arose in January 2012, when certain McConnell Unit mail room employees and officials denied Plaintiff receipt of a magazine titled *Shotgun News* on the grounds that it contained material that could constitute a violation of TDCJ Board Policy 03.91 which prohibits information concerning the "breakdown of a weapon."  Defendants' decision was upheld on review by the TDCJ's Mailroom System Coordinator's Panel (MSCP) and the Director's Review Committee (DRC) in Huntsville, Texas.  Thereafter, from January through October 2012, the McConnell Unit Defendants continued to deny Plaintiff subsequent issues of *Shotgun News,* as well as other gun literature and road atlases. Plaintiff asked to speak directly to the MSCP and DRC, but he was denied.

On November 13, 2012, Plaintiff filed his original complaint against certain McConnell Unit employees, MSCP members, and DRC members,  including    Jennifer Smith, alleging they had violated his First Amendment rights by prohibiting him from receiving his gun magazines and books. (D.E. 1 at 4, 9-13).  In addition to his First Amendment claim, Plaintiff argued that the confiscation of his books and magazines constituted "theft by deception," and that the TDCJ-CID's option to have the banned material sent home was cost prohibitive.  Plaintiff claimed further that Defendants committed fraud because BP 03.91 permits an inmate to receive these publications, but

Defendants denied them. Finally Plaintiff alleged that his due process rights were violated because he was not permitted to argue his position before the MSCP or the DRC.

On January 24, 2013, the undersigned United States magistrate judge recommended that Plaintiff's claims be dismissed for failure to state a claim and/or as frivolous (D.E. 11), to which Plaintiff timely filed objections. (D.E. 13).

On May 21, 2013, the Court adopted the recommendation in part and dismissed for failure to state a claim Plaintiff's due process and breach of TDCJ-CID policy claims. (D.E. 14). However, the Court declined to adopt the dismissal of Plaintiff's First Amendment claims against Defendants.

On July 25, 2014, Plaintiff filed his third amended complaint against the Texas Board of Criminal Justice; DRC; MSCP; Jennifer Smith, a MSCP/DNC Member; and the following McConnell Unit individuals: Warden Carol Monroe; Kisha Collins, Mailroom Supervisor; Kandis Torres, correctional officer; Richard Crites, former McConnell Unit Warden; and Officer David Diaz, former Mailroom Supervisor. (D.E. 97, pp. 1-21).

On August 28, 2014, all Defendants filed their Amended Answer to Plaintiff's third amended complaint. (D.E. 99). On that same date, the State Agency Defendants (TBCJ, MSCP, and DRC), filed a Rule 12(b)(1)/12(b)(6) motion to dismiss Plaintiff's claims against them (D.E. 100), as did the John/Jane Doe Defendants of the State Agencies. (D.E. 101).

On October 10, 2014, the undersigned filed a recommendation that the Court dismiss Plaintiff's claims against the State Agency Defendants for failure to state a claim and that his claims against the Doe defendants be dismissed as well. (D.E. 105). As to

the individual TDCJ-CID Defendants, Smith, Collins, Torres, Monroe, Diaz, and Crites, it was recommended that Plaintiff's claims for monetary damages against them in their official capacities be dismissed as barred by the Eleventh Amendment.  As to Plaintiff's claims for compensatory damages against these Defendants in their individual capacities, it was recommended that those claims be dismissed because Plaintiff had failed to allege a physical injury to support a damage claim, or a related claim for mental pain and suffering.  However, it was recommended that Plaintiff be permitted to proceed against these six Defendants in their individual capacities for nominal and punitive damages, and for prospective injunctive relief.  Defendants did not file objections to the recommendation, and on January 12, 2015, the Court adopted the recommendation. (D.E. 108).

On January 16, 2015, Defendants filed a motion to dismiss Plaintiff's Third Amended Complaint and indicated that they were confused by the Court's order adopting the recommendation.  (D.E. 109).  On February 2, 2015, the Court entered an Order reiterating, *inter alia,* that it had retained Plaintiff's claims for nominal and punitive damages against the six Defendants in their individual capacities, as well as his claims for prospective injunctive relief.  (D.E. 115).  In addition, the Court noted that Plaintiff had been granted leave to amend his complaint to add a claim for prospective injunctive relief against William Stephens in his official capacity only.  *Id.*

On February 4, 2015, Defendants filed the instant amended motion to dismiss for failure to state a claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (D.E. 118).

## III.   RULE 12(c) STANDARD.

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c).

A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion; that is, the court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief.  *Brown v. CitiMortgage, Inc.,* 472 F. App'x 302, 303 (5th Cir. 2012 (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n.8 (5th Cir. 2000)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise more than a sheer possibility that the defendant has violated the law as alleged. Furthermore, the factual allegations must be enough to raise a right to relief above the speculative level.  In determining whether a complaint states a claim that is plausible on its face, the court draws on its judicial experience and common sense.

*Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC,* 352 F. Appx. 945, 950 (5th Cir. 2009) (per curiam) (internal quotations marks and citations omitted).

The court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). Dismissal is appropriate on a motion for judgment on the pleadings only "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 312-313. "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1367, at 509-10 (1990)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998)). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007).

## IV.   DISCUSSION AND ANALYSIS.

The six remaining Defendants move for judgment on the pleadings to dismiss Plaintiff's claims for nominal and punitive damages on the grounds that Plaintiff failed to plead for such damages. (D.E. 118). Defendants argue that Plaintiff's pleadings fail to meet the requirements of Rule 7 and Rule 8, Fed. R. Civ. P., because Plaintiff's pleadings

do not allege that Defendants acted with "evil intent" so as to place them on notice that he is seeking punitive damages.[1]

Because he is proceeding *pro se,* Plaintiff's pleadings are construed liberally in his favor. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002). The generic pleading requirements of Fed. R. Civ. P. 8 govern Plaintiff's claims against Defendants in their official capacities. *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999). As to those claims, Plaintiff need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993) (citation omitted). As to Plaintiff's claims against Defendants in their individual capacities, however, Plaintiff must allege conduct giving rise to a constitutional violation. *Anderson,* 184 F.3d at 443. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation. *Oliver,* 276 F.3d at 741.

In this case, Plaintiff's claim that Defendants, in their individual capacities, violated his First Amendment constitutional rights, survived § 1915A screening. (S*ee* D.E. 11, 14). In addition, his claims for prospective injunctive relief against Defendants in their official capacities, survived to the extent any named Defendant has the authority to grant Plaintiff the injunctive relief he desires: a change in BP Policy 03.91 or its

---

[1] Defendants concede that Plaintiff's lack of physical injury does not bar his recovery of nominal and punitive damages. *See Mayfield v. Tex. Dep't of Crim. Justice,* 529 F.3d 599, 605-06 (5th Cir. 2008) (recognizing that nominal and punitive damages may be recovered by an inmate plaintiff in the absence of physical injury).

interpretation, and receipt of his gun magazines without interruption. Following service, each individual Defendant was able to file an Answer to Plaintiff's second amended complaint, and did not seek clarification thereof. (*See* D.E. 19, 61, 78). Thereafter, Defendants engaged in discovery and sought intervention from this Court on several occasions. All Defendants filed an Answer to Plaintiff's third amended complaint. (*See* D.E. 97, 99).

In his July 12, 2013, first amended complaint, prayer for relief, Plaintiff requested: "… such other and further relief, general and special, to which Plaintiff may be entitled." (D.E. 17, p. 4). Rule 8(a)(2) only requires that the plaintiff's prayer for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff did this. His petition cites the law on which his claim is based, and the facts that, under his interpretation, amount to a First Amendment violation. Plaintiff is not required expressly to use the term "punitive damages" or to cite to the statute under which punitive damages are sought. *See* S. Pac. Transp. Co. v. Builders Transp., 1993 WL 232058, at *4 (E.D. La., Jun. 22, 1993). Moreover, Plaintiff has consistently pled that Defendants refused to allow him to receive his gun magazines and atlases that were previously allowed under their subjective interpretation of TDCJ BP 03.91. Plaintiff has satisfied the requirements of Rule 8(a) to put Defendants on notice that he seeks punitive damages. He suggests that Defendants acted with malicious intent and/or were recklessly indifferent to his federally protected rights. No more is necessary.

The Fifth Circuit has held that punitive damages "may stand in the absence of actual damages where there has been a constitutional violation." *Hutchins v. McDaniels,*

512 F.3d 193 197 (5th Cir. 2007) (citation omitted). Because Plaintiff suffered no physical injury, it follows that, to the degree he requested any damages, his request was one for nominal and punitive damages. *See e.g. Tuft v. Texas*, 410 Fed. Appx. 770, *6 (5th Cir. 2011) (per curiam) (unpublished) (district court failed to liberally construe prisoner's complaint as seeking nominal and punitive damages where prisoner disclaimed compensatory damages due to lack of physical injury). Defendants were adequately placed on notice by Plaintiff's pleadings, discovery, and this Court's orders. Defendants' motion to dismiss is without merit.

## V.  RECOMMENDATION.

For the reasons stated herein, it is respectfully recommended that the Court deny Defendants' amended motion to dismiss (D.E. 118), and that this case proceed to the dispositive motion phase as set forth in the Court's: February 2, 2015 Order. (D.E. 115).

Respectfully submitted this 11th day of May, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).