UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL KEYS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-350 |
| | § | |
| CANDACE TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants'[1] amended motion to dismiss (D.E. 118) Plaintiff Robert Daniel Keys's First Amendment claims for nominal and punitive damages. On May 11, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 131), recommending that Defendants' motion be denied and that Plaintiff's claims for nominal and punitive damages against Defendants in their individual capacities be retained. This Court received Defendants' timely-filed objection (D.E. 132) on May 20, 2015. Defendants object that the pleadings do not support a claim for nominal and punitive damages because the Magistrate Judge relied on the wrong pleading and because the correct pleadings do not adequately state the claim.

A. **The Magistrate Was Entitled to Rely on the Earlier Pleading**.

Defendants object to the Magistrate Judge's recommendation that Plaintiff's claims for nominal and punitive damages met the requirements of Federal Rules of Civil

---

[1] The moving Defendants include: Officer Jennifer Smith; Supervisor Kisha Collins; Officer Candace Torres; Warden Carol Monroe; David Diaz; and Richard Crites (collectively, "Defendants").

Procedure 7 and 8, based on Plaintiff's first amended complaint (D.E. 17). D.E. 132, p. 1. Defendants complain that any reliance on Plaintiff's first amended complaint is misplaced because Plaintiff's live pleading is his third amended complaint (D.E. 97), which superceded any prior pleadings under Federal Rule of Civil Procedure 15(a). The treatment of amended pleadings is not so strict. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (amended pleading supercedes the prior pleading unless it is incorporated by reference).[2]

Plaintiff's pleading history in this case is not well-defined. It consists of the following:

- Plaintiff's original complaint (D.E. 1);

- Plaintiff's motion to amend, referred to as a (first) amended complaint (D.E. 17, as granted by Order, D.E. 20);

- Plaintiff's motion to amend, replacing named Defendants for "John Doe" Defendants and adding additional publications, the confiscation of which he complains (D.E. 41) and Plaintiff's motion to amend, replacing another two named Defendants for "John Doe" Defendants (D.E. 50). Both motions were granted in part by Order (D.E. 51) and, while no new pleading was filed, the order granting amendments appears to treat the amendments as creating a (second) amended complaint;

---

[2] Boelens was superseded by statute regarding unrelated remand issues. *Rodriguez v. Valteau*, No. 97-0658, 1997 WL 602191, *3 (E.D. La. Sept. 29, 1997).

- Plaintiff's (third) amended complaint (D.E. 97), permitted by Order (D.E. 95).

Plaintiff's last pleading (D.E. 97) lists each Defendant and the First Amendment violation alleged against that Defendant, apparently to comply with the Magistrate Judge's order that he offer a clearer amended pleading. D.E. 97, p. 1 (stating that he is attempting to comply with such an order). The pleading does not state a basis for jurisdiction or venue, it does not have a separate statement of facts, and it does not include a prayer for relief. Instead, it simply emphasizes that injunctive relief is Plaintiff's main goal. D.E. 97, p. 21.

Plaintiff did not intend for his final pleading to supercede his previous pleadings. Instead, he stated the opposite, "Plaintiff's previous filing[s] all still apply, all Plaintiff's previous Exhibit[]s all still [a]pply, everything Plaintiff has put forth in this civil suit to this point still applies to all defendants as they always have." D.E. 97, p. 21. Under *Boelens* and in the interest of justice, the "amendments" should be treated as supplemental pleadings under Federal Rule of Civil Procedure 15(d) or as non-superceding amendments under Rule 15(a). Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). *See generally*, *Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, Inc.*, 257 F.2d 162, 167-68 (5th Cir. 1958) (allowing supplemental complaint to cure an inadequate pleading). The Court rejects Defendants' assertion that no ruling could be based upon Plaintiff's first amended complaint (D.E. 17).

## B. The Pleadings State a Claim for Nominal and Punitive Damages.

Defendants challenge the Magistrate Judge's construction of Plaintiff's pleadings so as to find them sufficient to state a claim for nominal and punitive damages. Defendants make three arguments in support of this objection: (a) that the pleading does not satisfy the *Twombly/Iqbal*[3] fact and notice pleading standard; (b) that Plaintiff's affirmative pleading of some damages prevents consideration of additional damages not included; and (c) that three Fifth Circuit cases hold that such pleading failures create a jurisdictional bar to consideration of the nominal and punitive damage claims. The Court disagrees.

### 1. The Pleadings Satisfy *Twombly/Iqbal*.

There is no question that the Magistrate Judge was correct to hold that Plaintiff's pro se pleadings are to be construed liberally in his favor. The Magistrate Judge held that Plaintiff's prayer for relief as stated in his first amended complaint satisfied Rule 8(a)(2)'s requirement of containing a "short and plain statement of the claim showing that the pleader is entitled to relief." D.E. 131, p. 8. Plaintiff asserts a number of complaints that indicate wrongful conduct that can lead to nominal and punitive damages.

Plaintiff complains of conduct that is "theft by deception" and "theft by fraud" (D.E. 1, pp. 10, 11), is recalcitrant in violating a Supreme Court ruling (D.E. 17, p. 3), is retaliatory and arbitrary (D.E. 41, p.p. 2-3), is purposeful, willful, and intentional, warranting a monetary sanction (D.E. 97, pp. 9, 19-21). Plaintiff further requests "such

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

other and further relief, general and special to which Plaintiff may be entitled." D.E. 17, p. 4.  The Magistrate Judge reasoned, *inter alia*, that Defendants were adequately placed on notice that Plaintiff sought punitive and nominal damages because the Plaintiff is not required to use the term "punitive damages," and "because Plaintiff suffered no physical injury, it follows that, to the degree he requested any damages, his request was one for nominal and punitive damages." D.E. 131, pp. 8-9 (citing *S. Pac. Transp. Co. v. Builders Transp.*, 1993 WL 232058, at *4 (E.D. La., Jun. 22, 1993) and *Tufts v. Texas*, 410 F. App'x 770, 777 (5th Cir. 2011)).  The Court rejects the argument that Plaintiff failed to allege his claims with sufficient factual specificity.

### 2. The Pleadings Do Not Exclude Nominal and Punitive Damages by Seeking Other Relief.

The allegations complaining of Defendants' conduct inform the Court's construction of the request for relief.  Defendants argue that the Magistrate Judge erred in generally inferring claims for nominal and punitive damages from Plaintiff's pleadings because he "made no such claims at all." D.E. 132, pp. 2-3.  Defendants' contention is unavailing because, as the Magistrate Judge discussed, courts have been allowed to infer such claims under circumstances analogous to those here. *S. Pac. Transp. Co. v. Builders Transp.*, 1993 WL 232058, at *4 (citing *Scutieri v. Paige*, 808 F.2d 785, 791 (11th Cir. 1987) and *In Re Landbank Equity Corp.*, 83 B.R. 362, 276-77 (E.D. Va. 1987)).

Defendants also caution that the Magistrate Judge's interpretation of Rule 8(a)(2) will allow any "short and plain statement" for one claim to preemptively state any claim that might be derived by a court from the same facts, even when not stated. D.E. 132, p.

2. This argument bears little weight because Rule 8(a) requires, at the least, "facts sufficient to put the other party on notice of a claim for punitive damages." *S. Pac. Transp. Co. v. Builders Transp.*, 1993 WL 232058, at *4. *Id.* Thus, Courts cannot "insert[] into the litigation *ad hoc*" nominal and punitive damages in the absence of such facts. *See id.* at *5; D.E. 132, p. 2 (emphasis in original). Because the facts are fairly stated here, there is no danger of inventing a claim from whole cloth. The Court rejects the argument that Plaintiff intentionally excluded nominal and punitive damages when employing compensatory damage language.

### 3. There is No Jurisdictional Bar.

Defendants contend that the Magistrate Judge stood "squarely athwart" three Fifth Circuit cases discussed in their motion to dismiss: *Mayfield v. Tex. Dept. of Criminal Justice*, 529 F.3d 599 (5th Cir. 2008), *Busick v. Neal*, 380 F. App'x 392 (5th Cir. 2010), and *Stern v. Hinds Co., Miss.*, 436 F. App'x 381 (5th Cir. 2011). D.E. 132, p. 3. Defendants claim that these cases state a jurisdictional bar against considering nominal and punitive damage claims that are not expressly set out. Defendants' reliance on these cases is misplaced because their facts are distinguishable from the facts at hand.

The Plaintiffs in *Mayfield* only sought compensatory damages while the Plaintiff here sought compensatory damages, declaratory and injunctive relief, as well as "such other and further relief . . . to which Plaintiff may be entitled." 529 F.3d at 606; D.E. 17, p. 4; D.E. 97, p. 10. Plaintiff also made clear that his prayer for relief included "whatever *punitive damages* this Court affix[es] for his losses" in his response to Defendant Monroe's original answer (D.E. 61). D.E. 68, p. 32 (emphasis added). Plaintiff made the

same statement in his response to Defendant Diaz and Crites's original answer (D.E. 78) (answer filed jointly).  D.E. 79, p. 25.  Similarly, *Busick* and *Stern* are distinguishable because, unlike the Plaintiff here, the plaintiffs in both of those cases expressly limited their prayer for relief in terms that excluded nominal and punitive damages.  The Fifth Circuit cases are distinguishable and do not defeat this Court's jurisdiction to consider nominal and punitive damages.

In connection with their jurisdictional argument, Defendants contend that "it is irrelevant" whether they were "adequately placed on notice" regarding Plaintiff's nominal and punitive damages.  D.E. 132, p. 4.  This argument is wholly inapposite to Defendants' own statement that "[t]he pleading must 'give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests.'"  D.E. 132, p. 2 (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Regardless, the Magistrate Judge's recommendation is consistent with precedent and corroborated by the mandate that courts are to liberally construe pro se plaintiff's pleadings in their favor.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

Consequently, this Court finds no error in the Magistrate Judge's conclusion that Plaintiff satisfied Rule 8(a)'s requirement to put Defendants on notice that he sought nominal and punitive damages by suggesting Defendants acted with malicious intent and/or were recklessly indifferent to his rights as well as by Plaintiff's pleadings, discovery, and this Court's orders.  D.E. 131, pp. 8-9.  The Court rejects the Defendants'

argument that precedent precludes this Court from exercising jurisdiction over Plaintiff's damages claims.

Therefore, Defendants' objection is **OVERRULED**. Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 131), as well as Defendants' objection, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Defendants' objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendants' amended motion to dismiss (D.E. 118) is **DENIED** and Plaintiff's claims for nominal and punitive damages against Defendants in their individual capacities are retained, along with Plaintiff's claim for prospective injunctive relief against the remaining Defendants and newly named Defendant, William Stephens.

ORDERED this 15th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE