United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT DANIEL KEYS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-350 |
| § | |
| CANDACE TORRES, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING MOTION TO TAKE JUDICIAL NOTICE OF RETALIATION

Pending is Plaintiff's Motion to Take Judicial Notice of Retaliation (D.E. 154). In order for the District Court to judicially notice a fact, the fact must not be subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Most of the alleged retaliatory events described by Plaintiff appear to be the actions taken by the Assistant Attorney General(s) in defending their clients in this lawsuit. The remaining accusations of Plaintiff require him to provide proof of retaliatory intent. The Court cannot take judicial notice of retaliatory intent—that is a fact that Plaintiff must prove. *Woods v. Smith,* 60 F.3d 1161 (5th Cir. 1995).

If Plaintiff believes he is experiencing retaliation, then his remedy is to fully exhaust his administrative remedies and file a retaliation lawsuit.

Accordingly, Plaintiff's Motion to Take Judicial Notice of Retaliation (D.E. 154) is DENIED in all things.

ORDERED this 8th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE